UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASEA/AFSCME LOCAL HEALTH 52 HEALTH BENEFITS TRUST, individually and on behalf of a class of similarly situated third party payors,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, an Illinois corporation, and ST. JUDE MEDICAL, LLC, a Delaware corporation,<br><br>Defendants. | Case No. 17-cv-6704<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, the ASEA/AFSCME Local 52 Health Benefits Trust ("ASEA"), brings this action against Abbott Laboratories ("Abbott") and St. Jude Medical, LLC ("St. Jude"), alleging that the defendants produced a defective product and concealed that products' defects from the FDA and the public. The defendants now move this Court to dismiss ASEA's claims for lack of subject matter jurisdiction, for lack of personal jurisdiction, for improper venue, or for failure to state a claim, or, alternatively, ask this Court to transfer this case to another venue. For the reasons set forth herein, the defendants' motion to dismiss for lack of personal jurisdiction and improper venue [37] is granted, and the remaining motions [35, 39] are denied without prejudice as moot.

**Background**

The following facts from the plaintiff's first amended complaint are accepted as true for the purpose of the present motion. St. Jude manufactures a variety of medical devices to treat cardiac conditions, including implantable cardioverter defibrillators (ICDs) and cardiac resynchronization therapy defibrillators (CRT-Ds). Both ICDs and CRT-Ds are surgically implantable devices that use electrical impulses to moderate irregular heart rhythms. These devices are powered by lithium

1

batteries. When their battery runs low, they are programed to provide one month of vibratory warnings prior to a battery failure.

Unfortunately, a number of St. Jude's ICD and CRT-D products ("the affected products") suffered from a battery defect capable of causing rapid battery failure. This defect, as well as its root cause, was first reported by St. Jude's battery supplier in 2011. At that time, St. Jude did not report or investigate the problem, but instead represented that the cause of unexpected battery depletions could not be confirmed. St. Jude subsequently received forty-two product reports between 2011 and 2014 indicating that the affected products might be subject to premature battery depletion. Notwithstanding these reports, St. Jude repeatedly claimed that the cause of the potential defect could not be determined and failed to rigorously review the available information. In 2014 a patient's death was linked to a premature battery failure in St. Jude's products, and a published journal article identified the cause of the premature battery failures in St. Jude's devices.

In 2015, St. Jude and Abbott began negotiations regarding a potential merger. Prior to the merger, which occurred on March of 2016, Abbott initiated a detailed due-diligence review of St. Jude. Following that process and the merger, St. Jude opened new investigations into the battery failure issue. These investigations were much more rigorous than prior efforts, and in August 2016 St. Jude decided to recall the defective devices. On October 10, 2016, the FDA initiated a class 1 recall of 251,346 St. Jude products made before May of 2015. The recall, however, only covered patients' out-of-pocket expenses, and does not reimburse third-party-payers for the cost of monitoring and replacing the defective products.

The plaintiff, a third-party payer of medical expenses based in Alaska, alleges that the defendants' breached their express and implied warranties by selling a defective product and asserts product liability and manufacturing defect claims, as well as claims of negligence, failure to warn,

misrepresentation, omission, and the violation of multiple consumer protection acts based on St. Jude's failure to timely disclose the product defect.

**Discussion**

The defendants contend that this Court lacks personal jurisdiction over St. Jude. When a motion to dismiss is based on lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing establishing jurisdiction over each defendant. *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). The facts pertaining to jurisdiction set forth in the plaintiff's complaint are assumed to be true unless controverted by affidavit, and all factual conflicts must be resolved in the plaintiff's favor. *John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987).

For a Court to exercise personal jurisdiction consistent with due process the defendant must have sufficient contacts with the forum state such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Personal jurisdiction exists in two forms; general jurisdiction and specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). General jurisdiction extends beyond the boundaries of an individual lawsuit, and exists when a corporation engages in "continuous corporate operations within a state . . . so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 138, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). The Supreme Court has identified only two conditions where that condition would be met: the defendant's place of incorporation and the principle place of the defendant's business. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) (citing *Daimler*, 571 U.S. at 137–38). General jurisdiction may also be found elsewhere when the corporate

3

defendant's activities in a state are so substantial that the corporation is "fairly regarded as at home" in the state. *Id.*

Here, it is undisputed that St. Jude Medical, Inc. was incorporated and headquartered in Minnesota and that, following the merger with Abbott, St. Jude Medical, LLC was incorporated in Delaware and headquartered in Minnesota. ASEA, however, contends that since the merger St. Jude has operated as Abbott's corporate alter ego. ASEA therefore contends that St. Jude should be treated as an extension of Abbott, which is incorporated and headquartered in Illinois.

The "alter ego" or "sham corporation" exception applies where a plaintiff alleges that a defendant corporation is a mere shell used for the benefit of other defendants. The determination of whether or not to pierce the corporate veil is determined by applying the law of the state of incorporation. *Wachovia Securities, LLC v. Banco Panamericano, Inc.,* 674 F.3d 743, 751 (7th Cir. 2012); *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 933 (7th Cir. 1996). St. Jude Medical, LLC is incorporated in Delaware, so the Court applies Delaware law. Accordingly, the plaintiff must plead facts supporting an inference that Abbott, through St. Jude, has created a sham entity designed to defraud investors and creditors. *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 496 (Del. 2003).

Under Delaware law, courts disregard the corporate form only in exceptional cases. *Eagle Air Transp., Inc. v. Nat'l Aerotech Aviation Delaware, Inc.*, 75 F. Supp. 3d 883, 897 (N.D. Ill. 2014) (St. Eve, J.) (quoting *Winner Acceptance Corp. v. Return on Capital Corp.*, No. 3088-VCP, 2008 WL 5352063, at *5 (Del. Ch. Dec. 23, 2008)). Determining whether to do so requires an intensive inquiry which takes into consideration (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the controlling shareholder siphoned company funds; and (5) whether the company functioned as a façade for the controlling shareholder. *Winner Acceptance Corp.*, 2008 WL 5352063, at *5. In addition to these factors, Delaware's courts have required an element of fraud or similar injustice in order to

4

pierce the corporate veil. *Mason v. Network of Wilmington, Inc.*, No. Civ. A. 19434-NC, 2005 WL 1653954, at *3 (Del. Ch. 2005).

ASEA alleges that Abbott exercised "complete" dominion and control over St. Jude Medical, LLC, such that the two operated as a single, unified enterprise. In support, ASEA points to its allegations that Abbott publically claimed responsibility for the recall of the defective devices, issued updates about the devices in its own name, and communicated with the FDA about the devices in its own name. ASEA also alleges that Abbott took over the facility that produced the devices in question, but that the facility continued to be "listed" in St. Jude's name. St. Jude also publically advertised that "St. Jude Medical is now Abbott." Finally, ASEA alleges that the two entities share unidentified officers and managers, business operations, and facilities, that St. Jude's earnings are reported by Abbott, and that St. Jude's operations are controlled by Abbott.

These allegations do not call into question St. Jude's capitalization, solvency, or recognition of corporate formalities. *Cf. City of Greenville, Ill. v. Syngenta Crop Prot., Inc.*, 830 F. Supp. 2d 550, 563 (S.D. Ill. 2011) (piercing the corporate veil where evidence showed that the subsidiary company's board unanimously rubber-stamped the parent company's recommendations on a regular basis without discussion and where the subsidiaries employees were sometimes directly managed by employees of the parent company). Nor do they suggest that Abbott was siphoning or diverting funds from St. Jude. At most, the allegations in the complaint suggest that Abbott sometimes spoke on behalf of St. Jude or sometimes represented that it had succeeded St. Jude. *See LaSalle Nat. Bank v. Vitro, Sociedad Anonima*, 85 F. Supp. 2d 857, 865 (N.D. Ill. 2000) (Nordberg, J.) ("Personal jurisdiction is based on actual evidence of control . . . rather than on a corporation's general descriptions. Promotional statements made on a public website do not precisely convey the operative corporate structure."). Absent more, however, the allegations do not suggest that unfairness or injustice has resulted from the relationship between St. Jude and Abbott, as would be

5

necessary to justify piercing the corporate veil under Delaware law. *Doberstein v. G-P Indus., Inc.*, No. CV 9995-VCP, 2015 WL 6606484, at *4 (Del. Ch. 2015). Accordingly, this Court does not have general jurisdiction over St. Jude because it is not "at home" in the state of Illinois.[1]

ASEA also asserts that this Court has specific jurisdiction over St. Jude. Specific jurisdiction arises from contacts with the forum state that "give rise to the liabilities sued on" and are "continuous and systematic." *International Shoe*, 326 U.S. at 317, *Daimler A.G.*, 571 U.S. at 138. The contacts with the forum state must be both related to the lawsuit and created by the defendant. *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 1121–22, 188 L.Ed.2d 12 (2014). Here, ASEA contends that specific jurisdiction exists because St. Jude Medical, Inc. marketed, advertised, and sold the defective devices in Illinois. ASEA, however, does not allege that it paid for any of the defective devices in Illinois or that any of its beneficiaries had one of the devices implanted in Illinois. Accordingly, ASEA cannot establish that any actions occurring in Illinois gave rise to its claims against the defendants. Although it is true that potential class members might have purchased defective devices from St. Jude in Illinois, specific jurisdiction cannot be premised on the claims of unnamed putative class members. *See Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 866 (N.D. Ill. 2016) (Feinerman, J.). Accordingly, ASEA has failed to establish that there is specific jurisdiction over St. Jude in Illinois with respect to this suit. Because neither general or specific jurisdiction exists with respect to St. Jude, this Court therefore lacks personal jurisdiction over St. Jude.[2]

The defendants, in an alternative argument, contend that this is not a proper venue for litigating this case with respect to either defendant. Under federal law, venue is proper in (1) a

---

[1] Although this Court has general jurisdiction over Abbott, that does not provide a jurisdictional basis as to St. Jude. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000).
[2] ASEA asks that, if this Court rejects its prima facie showing of personal jurisdiction, it be permitted to engage in jurisdictional discovery. Jurisdictional discovery, however, is only warranted *after* a prima facie showing of personal jurisdiction has been made. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000).

judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district that otherwise provides venue, in any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391. As previously discussed, St. Jude is not a resident of Illinois and is not subject to personal jurisdiction in this district. 28 U.S.C. § 1391(b)(1). ASEA's arguments to the contrary notwithstanding, it is also apparent that a substantial part of the events or omissions giving rise to ASEA's claim did not occur in Illinois. Abbott's involvement in this case came only at the tail end of the alleged period of wrongdoing and after all of the defective devices had already entered the market. Accordingly, it cannot be said that the central events to this case occurred in Illinois. The plaintiff, moreover, has conceded that this is not a proper venue under 28 U.S.C. § 1391(b)(3). Accordingly, this Court is not the proper venue for this action.

**CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss for lack of personal jurisdiction as to St. Jude and improper venue [37] is granted and this case is dismissed without prejudice. The defendants' motions to transfer the case to a more convenient venue [35] and to dismiss for failure to state a claim and lack of subject matter jurisdiction [39] are accordingly denied without prejudice because they are moot.

IT IS SO ORDERED.

Date: 6/18/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge